UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-60204-CR-COHN/SELTZER

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DELVIN WOODS,

    Defendant.
_____/

## ORDER OVERRULING OBJECTION, ADOPTING REPORT AND RECOMMENDATION, AND DENYING MOTION TO SUPPRESS PHYSICAL EVIDENCE AND STATEMENTS

**THIS CAUSE** is before the Court on the Report and Recommendation on Motion to Suppress Physical Evidence and Statements [DE 32] and Defendant Delvin Woods' Objection to the Magistrate's Report and Recommendation [DE 33]. The Court has carefully reviewed *de novo* the Report and Recommendation, the Defendant's objection, the transcript of the hearing before Judge Seltzer on the Motion to Suppress, and is otherwise advised in the premises.

Mr. Woods' objection is three-fold: (1) the search warrant executed was issued based on less than probable cause in that the only evidence contained in the affidavit referred to a controlled drug purchase from a residence that was not Mr. Woods' residence; (2) the "Good Faith" exception is inapplicable because the search warrant was so lacking in probable cause as to render official belief in its existence unreasonable; and (3) the statements given by Mr. Woods were the product of the illegal search of his residence.

United States Magistrate Judge Barry S. Seltzer, in his nineteen-page Report and Recommendation, clearly addresses each of the above arguments advanced by Mr. Woods in his objection. These arguments fail for the reasons stated below.

First, Mr. Woods bases his probable cause argument on the fact that the probable cause section of the affidavit and application for search warrant contains one instance in which the street address is misidentified as 186 S.W. 2nd Avenue, rather than 186 S.W. 1st Court. As Judge Seltzer rightly found, "[t]]his isolated error, however, does not vitiate probable cause." Report and Recommendation at 13. This isolated error which is contradictory to all other facts supporting the correct address of S.W. 1st Court, appears to be a simple typographical error. The Defendant's residence is actually located at the corner of S.W. 1st Court and S.W. 2nd Avenue.

"When the affiant learned from other deputies that the 186 S.W. 2nd Avenue address was incorrect and that the correct address was 186 S.W. 1st Court, he promptly located a courthouse computer and revised the Description of the Premises both in the Affidavit and Application and in the Search Warrant to reflect an address of 186 S.W. 1st Court. But in the Probable Cause section of the Affidavit and Application, the affiant neglected to change the address in the one instance that it is identified by name; he inadvertently left it as 186 S.W. 2nd Avenue." Report and Recommendation at 16-17.

This Court finds that under the facts and circumstances presented, the (second) Affidavit and Application for Search Warrant satisfies the Fourth Amendment's probable cause requirement. As noted by Judge Seltzer, in United States v. Jones, 208 F.3d 603 (7th Cir. 2000), the Seventh Circuit rejected the defendant's argument that an affidavit's

typographical error as to address of the searched premises rendered the warrant facially defective.  The Eighth Circuit in United States v. Stonerook, 134 Fed. App'x 982 (8th Cir. 2005), similarly rejected a defendant's argument that a warrant was rendered invalid because the supporting affidavit had erroneously located his home on the south side, rather than the north side of the street.  The Stonerook Court noted that "[w]here it is clear which property was intended in the affidavit, a word processing error does not render a warrant invalid." Id. at 984.

Second, even if the word processing error rendered the search warrant invalid, the good faith exception to the exclusionary rule for searches conducted pursuant to warrants would mandate that the challenged evidence and the subsequent statement not be suppressed.  See United States v. Leon, 468 U.S. 897 (1984).  In the Eleventh Circuit, the test for determining whether a warrant is so lacking in probable cause "is whether the officer acted in objective good faith under all the circumstances."  United States v. Taxacher, 902 F.2d 867, 871 (11th Cir. 1990).  The focus is on the officer's reliance on the judge's probable cause determination and whether the officer's reliance is objectively reasonable.  This Court agrees with Judge Seltzer's finding that the BSO affiant acted in good faith and that the second search warrant was not so lacking in indicia of probable cause as to render official belief in the existence of probable cause entirely unreasonable.  The BSO deputies acted in reasonable reliance upon a judicially issued search warrant.  There is no evidence that would render the good faith exception inapplicable.  See Report and Recommendation at 15-16.

Finally, having found that the search did not violate Mr. Woods' Fourth Amendment right, any statements made by Mr. Woods were not the product of an

illegal search. Accordingly, it is therefore

**ORDERED AND ADJUDGED** that:

1. Defendant Delvin Woods' Objection to the Magistrate's Report and Recommendation [DE 33] is **OVERRULED**;

2. The Report and Recommendation on Motion to Suppress Physical Evidence and Statements [DE 32] is **ADOPTED**; and

3. The Motion to Suppress Physical Evidence and Statements [DE 26] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 16th day of November, 2011.

JAMES I. COHN
United States District Judge

Copies furnished to:
Counsel of record via CM/ECF